# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL J. STEVENSON : 

           : 

           : 

v.            :     Civil No. CCB-17-2078

           : 

           : 

DOT TRANSPORTATION, INC.    : 

           : 

## MEMORANDUM

Plaintiff Michael Stevenson filed this action alleging disability discrimination in violation

of the Americans with Disabilities Act ("ADA") and age discrimination in violation of the Age

Discrimination in Employment Act ("ADEA) by his former employer, DOT Transportation,

Inc.("DOT") Specifically, he asserts he was terminated because of his age and in spite of his

requests for reasonable accommodation of his disabilities. DOT has filed a motion to dismiss for

failure to state a claim. (ECF No. 8.) The issues in this case have been fully briefed, and no

hearing is necessary. See Local R. 105.6. For the reasons stated below, the motion will be

granted.

## BACKGROUND[1]

Mr. Stevenson was hired by DOT as an Assistant Transportation Manager on December

17, 2007. (Compl. ¶ 20, ECF No. 1.) He identifies three disabilities of which DOT was allegedly

aware: a bladder condition disclosed on a questionnaire when he was initially hired, a back injury

obtained on the job that he disclosed in July 2010,[2] and an infection contracted in June 2011 that

worsened the incontinence he suffered from his bladder condition. (Id. ¶¶ 22-34.) Mr. Stevenson

---

[1] The following facts are alleged in the complaint, unless stated otherwise.

[2] Mr. Stevenson requested that he be excused from a physical examination required for DOT's emergency response training team as a result of his back injury. This request was granted. (Compl. ¶ 29-31.)

states that DOT denied knowledge of any disabilities in a letter to the EEOC dated October 21, 2014. (*Id.* ¶ 37.)

Mr. Stevenson claims his performance was satisfactory and resulted in a promotion to Transportation Manager on an unspecified date. (*Id.* ¶¶ 28-29.) In early 2012, Mr. Stevenson informed his supervisor that he intended to retire in 2016. (*Id.* ¶ 42.) Later that year, another driver informed Mr. Stevenson of an alleged plot to "force him out of DOT since announcing his intent to retire." (*Id.* ¶ 44-45.) In November 2012 two memos were issued by Mr. Stevenson's supervisor that Mr. Stevenson claims indicate his job performance was satisfactory. (*Id.* ¶¶48-51.) In early 2013, another memo was issued informing Mr. Stevenson that his compensation would be reduced beginning in 2014, but would remain unchanged in 2013. (*Id.* ¶¶ 57-61.) In March 2013 DOT hired Dave Hess as a new Transportation Manager. Mr. Stevenson was responsible for onboarding him. (*Id.* ¶¶ 63-64.)

On July 22, 2013, Mr. Stevenson was demoted to Transportation Supervisor and his wages were reduced. (*Id.* ¶ 69.) Mr. Stevenson was 57 years old, and his replacement was 37 years old. (*Id.* ¶ 70.) Mr. Stevenson complained to his supervisor and human resources about his demotion and reduction in pay. (*Id.* ¶ 72.) On September 6, 2013, Mr. Stevenson was informed by his supervisor that he "would need to be gone by the end of 2013" without further explanation. (*Id.* ¶¶ 74-75.) Mr. Stevenson was terminated on January 14, 2014. (*Id.* ¶ 76.)

Mr. Stevenson filed charges with the Equal Employment Opportunity Commission alleging violations of the ADA and the ADEA on August 13, 2014. (*Id.* ¶ 10.) After an investigation, the EEOC dismissed Mr. Stevenson's complaint on April 28, 2017. (*Id.* ¶ 13.) Mr. Stevenson timely filed his complaint initiating this suit on July 25, 2017. (*Id.* at 15.) On

December 15, 2017, DOT filed a motion to dismiss. Mr. Stevenson filed a response in opposition on January 2, 2018, and DOT filed a reply on January 19, 2018.

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

3

## 1. Age Discrimination

The ADEA prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Where, as in this case, there is no direct evidence of discrimination, such claims are analyzed under the three-pronged burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, a plaintiff must first make out a prima facie case of discrimination. *See Lettieri v. Equant Inc.*, 478 F.3d 640, 646 (4th Cir. 2007). The prima facie case, however, is not a pleading requirement. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002); *see also McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Instead, the plaintiff's complaint must state a plausible claim for relief under the ADEA—i.e., in this case, that DOT fired Stevenson because of his age. *McCleary-Evans*, 780 F.3d at 585.

"[W]hen legitimately considered on its own accord, one's experience or seniority is typically not a basis for age discrimination under the ADEA[.]" *Davenport v. Anne Arundel County Bd. of Educ.*, 998 F.Supp.2d 428, 434 (D.Md. 2014) "[T]here is no disparate treatment under the ADEA when the factor motivating the employer is some feature other than the employee's age." *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 609 (1993) "The ADEA is not violated when 'the motivating factor is correlated with age, as pension status typically is.' The same analysis applies to an employee who is fired because his salary is too high, because salary, like pension status, is often linked to seniority." *Blistein v. St. John's College*, 860 F.Supp. 256, 264 (D. Md. 1994) (quoting *Hazen Paper Co.,* 507 U.S. at 611 (1993)).

4

Mr. Stevenson has failed to state a claim for age discrimination. He was terminated and his replacement was younger than him, but he has failed to identify any connection between his firing and his age. Instead, he identifies an alleged plot to force him out owing to his informing his supervisor of his planned retirement. Like pension status and high salary, planned retirement in itself is not a basis for age discrimination, even if it may be correlated to one's age. *See Blistein*, 860 F. Supp. at 264. Mr. Stevenson claims that DOT's "stated reasons for [its] conduct were not the true reasons, but instead were pretext." but offers no support of this assertion. (Compl. ¶ 103.) Therefore, this claim will be dismissed.

### 2. Failure to Accommodate and Disability Discrimination

The ADA makes it illegal for an employer to "discriminate against a qualified individual on the basis of disability . . . ." 42 U.S.C. § 12112(a). One form of discrimination, which is alleged by Mr. Stevenson here, is the failure to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ." Id. § 12112(b)(5)(A). To establish a prima facie case for failure to accommodate, a plaintiff must show: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position . . . ; and (4) that the [employer] refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir. 2013) (alteration in original) (quoting *Rhoads v. Fed. Deposit Ins. Corp.*, 257 F.3d 373, 387 n.11 (4th Cir. 2001)). To prove he is actually disabled or has a record of impairment, Mr. Stevenson must demonstrate that his disability substantially limited one or more major life activities. Major life activities include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping,

walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). "[T]o be substantially limited in the major life activity of working, 'one must be precluded from more than one type of job, a specialized job, or a particular job of choice.'" *Pollard v. High's of Balt., Inc.*, 281 F.3d 462, 471 (4th Cir. 2002) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491–92 (1999)). A plaintiff must show he cannot work "in a broad range of jobs." *Id.*

Mr. Stevenson also has failed to state a claim for disability discrimination because he has failed to identify a disability covered by the statute. Mr. Stevenson alleges three possible disabilities: a bladder disorder, a back injury, and an infection that exacerbated the effects of his bladder disorder. Yet, he fails to demonstrate that any of these injuries substantially limited his life activities, as required by the statutory definition of a disability under the ADA. Simply stating that they did so is a conclusory allegation that does not sufficiently state a claim. *See* (Compl. ¶¶ 89-91.)

Further, he fails to identify any impairment to his ability to conduct the essential duties of his job that was or could have been caused by these injuries, nor does he identify potential accommodations that could have addressed any such impairment. The only accommodation Mr. Stevenson specifically says he requested was to be excused from the emergency response training team, which DOT granted. (Compl. ¶ 29-31.) He also fails to demonstrate any connection between any of these three conditions and his eventual termination. Without sufficient demonstration of a disability under the ADA's definition, Mr. Stevenson has failed to state a claim for both failure to accommodate and termination related to his disability.

## CONCLUSION

For the reasons stated above, DOT's motion to dismiss will be granted.

A separate order follows.

_7/12/18_
Date

_CCB_

Catherine C. Blake
United States District Judge